DAVID DAVENPORT, plaintiff in error, *vs.* THE STATE, defendant in error.

Where two persons were indicted for a riot, under the 4441st section of the Code, and the name of one of the defendants was spelt Land, in one part of the indictment, and Lance, in another part of it:

*Held:* that upon the trial of one of the defendants separately, although the evidence showed that the name of his confederate was Lance, yet there being no doubt as to the *identity* of the man, whether he was called by the one name or the other, conviction was right under the facts of the case.

Riot. Charge of the Court. Trial before Judge IRWIN. Union Superior Court. May Term, 1868.

Davenport *vs.* The State.

Davenport and another were jointly indicted for a riot, the unlawful act charged, being the beating of one Chastain. In the indictment the other defendant was called William Land, in one part of it, and William Lance in another. He plead guilty by the name of William Lance, taking no notice of the variance as to his name. Afterwards, Davenport was put upon trial. It was shown that Davenport and this other defendant, coming up with Chastain, Davenport and Chastain got into a fight, Davenport having struck him several times before Chastain resisted. Persons standing by, proposed to separate them, but this other defendant interdicted any such interference. It was not shown by the record what was the real name of the other defendant, except that the witness called him William Lance. It does not appear that their attention was called to that matter.

The Court was requested, by defendant's attorney, to charge the jury that they should look carefully into the allegations in the indictment, and to the evidence, and if they should find a material variance between them, they should find for the defendant. He further requested the Court to instruct the jury to find for the defendant, because said co-defendant was indicted as William Land, and was named William Lance, and because the offence proven (if any was) was assault and battery, or affray, and not riot.

The Court charged the jury that, " if two or more persons, with or without a common cause of quarrel, do an unlawful act of violence, or any other act in a violent and tumultuous manner, such persons so offending are guilty of a riot, and that if two, or any other number of persons, were engaged in such riotous act, one coming up, and participating in such riotous act after it begun, was equally guilty, as though he had been there at the beginning;" further, that they were the judges of the law and the facts, in such cases; that the whole case was before them, and that if, upon an examination of the whole case, they had a reasonable doubt as to the guilt of defendant, they should acquit him.

The jury found the defendant guilty. Thereupon, he moved for a new trial upon the grounds that the verdict was

Davenport *vs.* The State.

contrary to law and against the evidence, that the Court erred in refusing to charge and direct the jury as requested, and in charging as he did.

WEIR BOYD for plaintiff in error.

No appearance for the State.

WARNER, J.

It is a general rule in the trial of criminal cases, that the *material* allegations in the indictment must be substantially proved, as charged therein.    Upon looking into the indictment in this case, we find that the defendant is charged with having committed a riot with one Land, and also with one Lance ; that is to say, the name of one of the defendants is spelt "Land" in one part of the indictment, and "Lance" in another.    It is insisted that, in as much as the defendant, Davenport, was charged with having committed a riot with one Land, and the evidence showed upon the trial that his name was Lance, the variance was fatal, and the defendant should have been acquitted, and that the Court below erred in not granting a new trial in the case upon that, as well as the other grounds stated in the record.    It appears that the defendant, Wm. Lance, was arraigned upon the aforesaid indictment, and plead "guilty" without raising any objection as to the name by which he was indicted.    The defendant, Davenport, when arraigned, plead "not guilty," without raising any objection to the form of the indictment, or the name of the party with whom he was accused of having committed the riot.    There is no doubt of the *identity* of the man who was engaged in the riot with the defendant, whether he was called by the name of Land, or Lance, and as his name is spelt both ways in the indictment, the verdict was right under the evidence.    It is not the policy of our law, as manifested by the Code, to shield defendants from punishment for violations thereof, upon mere *technical* grounds alone, when the substantial rules of the law have been complied with.

It was contended, in this case, that under the evidence, the defendant was guilty of an assault and battery, and not a riot. The 4441st section of the Code declares, "If any two or more persons, either with or without a common cause of quarrel, do an unlawful act of violence, or any other act in a violent and tumultuous manner, such persons so offending, shall be guilty of a riot." We think the evidence in the record brings the defendant within this provision of the Code, and that there was no error in the Court below in refusing the new trial upon any of the grounds taken therefor. Let the judgment of the Court below be affirmed.